The document below is hereby signed.

Signed: May 7, 2020



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                           )
                                )
ERIN MICHELLE ROSEBAR,          )     Case No. 20-00006
                                )     (Chapter 13)
                    Debtor.     )     Not for publication in
                                )     West's Bankruptcy Reporter.

## MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS

David Brooks has filed a motion to dismiss this case
pursuant to 11 U.S.C. § 521(i) (Dkt. No. 74).  Under 11 U.S.C.
§ 521(a)(1)(B)(iv) and LBR 1007-5(a),[1] unless the court were to
order otherwise (as authorized by the opening clause of
§ 521(a)(1)(B)), the debtor was required to file certain payment
advices.  Under 11 U.S.C. § 521(i)(1), the failure to file within
45 days subjects a case to automatic dismissal on the next day.

---

[1]  LBR 1007-5(a) requires the debtor to file payment advices
at least seven days before the meeting of creditors and to file
them with a required cover sheet.  The cover sheet is a
declaration under penalty of perjury certifying that the debtor
has attached to the declaration complete and accurate copies of
all payment advices or other evidence of payment received from
any employer within sixty (60) days before the commencement of
the bankruptcy case.

The 45th day after the date of the filing of the debtor's petition commencing the case was February 20, 2020.  As of February 21, 2020, the debtor had not filed her payment advices by February 20, 2020.  Accordingly, as of February 21, 2020, the case became subject to automatic dismissal under § 521(i) unless the court were to order that the payment advices not be filed.[2]

On April 22, 2020, sixty-one days later, Brooks filed his motion to dismiss.  The debtor alleges that she timely provided payment advices to the Chapter 13 trustee, and she has appended to her opposition to the motion to dismiss copies of the payment advices.  Brooks replies that filing was required and the case became subject to automatic dismissal as of the 46th day after the commencement of the case, citing *In re Rubio*, 2006 WL 2792213, Case No. 06-50065 (Bankr. S.D. Tex. Sept. 25, 2006) (providing copies of payment advices to trustee was not filing them with the court: dismissal under § 521(i) was required).

However, based on LBR 1017-2(b), I will deny the motion to dismiss without deciding in the exercise of my discretion (see n.2, *supra*) whether providing copies to the trustee ought to be

---

[2] Even after the 45-day deadline has expired, courts may use the "unless the court orders otherwise" language of § 521(a)(1)(B) to waive the requirement of filing documents otherwise required by that provision, such that automatic dismissal under § 521(i) is not required.  *See Wirum v. Warren (In re Warren)*, 568 F.3d 1113, 1117-19 (9th Cir. 2009); *Segarra-Miranda v. Acosta-Rivera (In re Acosta-Rivera)*, 557 F.3d 8, 14 (1st Cir. 2009); *Simon v. Amir (In re Amir)*, 436 B.R. 1, 25 (B.A.P. 6th Cir. 2010).

treated as satisfactory, and whether I should thus direct that the payment advices not be filed such that § 521(i) is deemed not triggered.

This court's LBR 1017-2(b) provides:

<u>Automatic Dismissal Under 11 U.S.C. § 521(i)</u>.  To dismiss a case under the automatic dismissal provisions of 11 U.S.C. § 521(i), a motion is required, and the notice of the motion may set a deadline for opposing the motion of 3 days after the filing of the notice.  Unless the court orders otherwise, the motion must be filed within 21 days after the date on which the case became subject to automatic dismissal under § 521(i).

Brooks failed to file his motion to dismiss by March 13, 2020 (the 21st day after the case became subject to automatic dismissal).  He waited until 40 days after that deadline to move to dismiss the case under § 521(i), and did not seek an enlargement of time to file his motion.  This court's LBR 1017-2(b) is designed to assure that questions regarding automatic dismissal under § 521(i), and whether to exercise the court's discretion to excuse the requirement to file papers (see n.2, *supra*), are addressed at an early stage, bringing the case to a conclusion (if dismissal is warranted) before anyone expends efforts on other matters in the case.  Here, the case continued on for 61 days after it arguably became subject to automatic dismissal before Brooks filed his motion, with the debtor's counsel required to file responses to other motions Brooks filed after the case arguably became subject to automatic dismissal.  Dismissal based on § 521(i) will be denied.

Although the delay in filing the payment advices might be a ground the United States Trustee could raise under 11 U.S.C. § 1307(c)(9) for seeking dismissal of the case, creditors are entitled to invoke § 521(i) but are not entitled to invoke § 1307(c)(9).  In any event, the delay here does not warrant dismissal in the circumstances of this case.  To the extent that, separate from his seeking dismissal pursuant to § 521(i), Brooks seeks dismissal on the ground that the payment advices were not timely filed, dismissal on that ground must be denied as well.

For the foregoing reasons, it is

ORDERED that the motion to dismiss the case under § 521(i) (Dkt. No. 74) is DENIED.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders.