The document below is hereby signed.

Signed: August 7, 2020



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ERIN MICHELLE ROSEBAR, | ) | Case No. 20-00006 |
| | ) | (Chapter 13) |
| Debtor. | ) | |

MEMORANDUM DECISION AND ORDER DENYING CREDITOR'S REQUEST
TO IMPOSE COERCIVE CONTEMPT SANCTIONS AGAINST THE DEBTOR

On June 15, 2020, the court entered a *Memorandum Decision and Order Re Motion for Sanctions for Debtor's Failure to Obey Court Order to Produce Documents and Directing the Debtor to Show Cause Why This Case Ought Not Be Dismissed* (Dkt. No. 102). That order made the debtor subject to coercive contempt sanctions if she failed to provide specified documents by June 22, 2020 (that is, 7 days after entry of that order). But on June 18, 2020, the debtor filed a *Motion to Dismiss Case* (Dkt. No. 106).

On July 8, 2020, erroneously believing that the debtor had withdrawn the *Motion to Dismiss Case*, I signed an *Order Dismissing Case with Prejudice for 180 Days* (Dkt. No. 112), which retained jurisdiction to "impose an appropriate amount of

coercive contempt sanctions against the debtor" for her failure to have provided the previously specified documents by June 22, 2020.

At the hearing held on July 9, 2020, the debtor clarified that the *Motion to Dismiss Case* had *not* been withdrawn, and that only an earlier version not bearing the debtor's signature (Dkt. No. 105) had been withdrawn. I noted that subject to further review of the matter, coercive sanctions would not be imposed because the *Motion to Dismiss Case* was filed prior to the June 22, 2020 deadline for compliance with the order to provide documents. *See Case Hearing Summary* (Dkt No. 113).

Creditor David Brooks has filed a *Supplemental Memorandum in Support of Motion for Sanctions* (Dkt. No. 117) asking the court to impose coercive contempt sanctions in light of the debtor's failure to provide the documents. 11 U.S.C. § 1307 (b) provides, as pertinent here, that "[o]n request of the debtor at any time . . . the court shall dismiss a case under this chapter." Thus the court ought to have dismissed the case upon the filing of the *Motion to Dismiss Case* on June 18, 2020. While "the court is empowered to impose sanctions to assure compliance with subpoenas or orders for Rule 2004 examinations," *In re Rosebar*, 505 B.R. 82, 87 (Bankr. D.D.C. 2014), it would not be equitable to enforce such sanctions where the debtor moved to dismiss the case prior to the deadline for compliance and the court was required to

dismiss the case.  *Cf. In re Parikh*, 508 B.R. 572, 603-04 (Bankr. E.D.N.Y. 2014) (finding that judgment denying discharge mooted contempt sanctions for failure to provide documents under Fed. R. Bankr. P. 2004).

It is

ORDERED that Creditor David Brooks' request, within his *Supplemental Memorandum in Support of Motion for Sanctions* (Dkt. No. 117), that the court impose coercive contempt sanctions against the debtor for her failure to provide documents pursuant to this court's *Memorandum Decision and Order Re Motion for Sanctions for Debtor's Failure to Obey Court Order to Produce Documents and Directing the Debtor to Show Cause Why This Case Ought Not Be Dismissed* (Dkt. No. 102) is DENIED.  It is further

ORDERED that the *Order Awarding David Brooks Compensatory Sanctions* (Dkt. No. 111) remains in effect.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders.