The document below is hereby signed.

Signed: August 19, 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
ERIN MICHELLE ROSEBAR,             )    Case No. 20-00006
                                   )    (Chapter 13)
                    Debtor.        )    Not for publication in
                                   )    West's Bankruptcy Reporter.

MEMORANDUM DECISION AND
ORDER APPROVING COUNSEL'S FEE APPLICATION AND DIRECTING
THE CHAPTER 13 TRUSTEE TO PAY COUNSEL FROM PLAN PAYMENTS HELD

The debtor's counsel, Bennie Brooks, has filed a *Motion for Payment of Attorney Fees by the Chapter 13 Trustee Following After Confirmation of the Debtor's Chapter 13 Plan* (Dkt. No. 118).  Creditor David Brooks has filed an *Opposition* (Dkt. No. 120).

The court considers Bennie Brooks's *Motion* as an application for compensation.  The court entered an order dismissing this case on July 9, 2020 (Dkt. No. 112), and no Chapter 13 plan was ever confirmed.  The proposed order accompanying the *Motion* would approve additional fees of $10,000, and the *Motion* asks the court to direct the Chapter 13 trustee to make payment of those fees

from the debtor's prior plan payments. The *Motion* included documentation for fees totaling $15,295, of which $5,000 was already paid or deposited into escrow with counsel,[1] based on a rate of $350/hour. David Brooks's *Opposition* alleges that Bennie Brooks has already been paid $5,000 for representing the debtor in a prior case and $5,000 for representation in the current case, and he argues that the current case was filed in bad faith, thereby rendering fees for such representation unreasonable. Bennie Brooks previously filed a *Disclosure of Compensation* with the debtor's petition (Dkt. No. 1) and an *Amended Disclosure of Compensation* (Dkt. No. 62), but has not filed a prior fee application.

I

THE ISSUE OF BAD FAITH

On May 21, 2020, David Brooks filed a motion for sanctions (Dkt. No. 92) for the debtor's failing to produce documents. On June 11, 2020, Bennie Brooks responded on behalf of the debtor to that motion by filing an untimely response (Dkt. No. 99), which consisted of attaching the debtor's affidavit reciting a history of document discovery David Brooks conducted in litigation in the Superior Court of the District of Columbia, and reciting that she

---

[1] In light of this documentation, the court construes the fee application to be one for $15,000 (before application of payments received from the debtor). The proposed order appears to have rounded the $15,250 figure down to $15,000 and reduced that to $10,000 based on the $5,000 already received.

had produced all of her documents to David Brooks in the Superior Court litigation.  On June 15, 2020, in ruling on David Brooks's motion, I readily brushed aside the debtor's untimely response as untimely and by noting that the documents produced in the earlier Superior Court litigation could not include all of the documents sought in this later bankruptcy case, and I imposed compensatory contempt sanctions and prospective coercive contempt sanctions on the debtor.  In that ruling, I found evidence that the debtor filed her current case in bad faith, *see* Docket No. 102, at 4 (noting that the debtor's "failure to produce the documents is evidence that the plan has not been proposed in good faith and that the debtor did not file her petition in good faith"), and I ordered the debtor to show cause why the case ought not be dismissed with prejudice for 180 days.  Bennie Brooks is not responsible for the debtor's failure to produce documents, and could not know what documents would be sought in the case.

   The bankruptcy case involved not only David Brooks but also the debtor's mortgagee.  The debtor's misconduct does not render her counsel's representation of her unreasonable or demonstrate that Bennie Brooks filed the debtor's case knowing that it was filed in bad faith.  After entry of the ruling of June 15, 2020, Bennie Brooks performed little work for the debtor other than filing a motion to dismiss the case (as to which the debtor had a statutory right to have the case dismissed), but the court

mistakenly thought that motion had been withdrawn.  Bennie Brooks then appeared at a scheduled hearing on contempt sanctions (to successfully argue that coercive contempt sanctions regarding producing documents ought not apply when the debtor had filed the motion to dismiss that the court was required to grant).

None of Bennie Brooks's conduct in the case shows that he filed a case that he knew was being pursued in bad faith.  David Brooks's opposition on the ground that the case was filed in bad faith is overruled.

II

THE ISSUE OF THE $5,000 PAID IN THE PRIOR CASE

David Brooks's concern as to compensation paid in the debtor's prior case is irrelevant here, and his allegation that the debtor has paid $5,000 in the current case is consistent with the *Amended Disclosure of Compensation* and is no cause for disapproval.[2]

---

[2] The original *Disclosure of Compensation* (part of Dkt. No. 1) disclosed Bennie Brooks's receipt of $2,500 and I construe the *Amended Disclosure of Compensation* (in light of the fee application) as disclosing that Bennie Brooks has received $5,000 already.  It is not clear whether $2,500 was paid after the petition was filed.  LBR 2016-2(d) restricts payments from estate funds not authorized by court order, but LBR 2016-2(e) allows postpetition receipt of fees to be held in escrow, subject to later approval of payment of such fees.  In light of this court's approving fees of $15,000, Bennie Brooks is entitled to retain the full $5,000 and to apply it to the $15,000 in approved fees.

4

III

CONCLUSION

It is

ORDERED that Bennie Brooks's fee application (Dkt. No. 118) is APPROVED and Bennie Brooks is allowed an administrative claim in the amount of $15,000, of which $5,000 has been received by Bennie Brooks, and that $5,000 may be applied to the allowed administrative claim.  It is further

ORDERED that the Chapter 13 trustee shall pay Bennie Brooks any funds she holds from the debtor's Chapter 13 plan payments (net of any payment of the Chapter 13 trustee's percentage fee) as an allowed administrative expense, towards payment of the $10,000 remainder of the allowed administrative claim.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders; Creditor David Brooks.