The document below is hereby signed.

Signed: June 15, 2020



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ERIN MICHELLE ROSEBAR, | ) | Case No. 20-00006 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER RE MOTION FOR SANCTIONS
FOR DEBTOR'S FAILURE TO OBEY COURT ORDER TO PRODUCE DOCUMENTS AND
DIRECTING THE DEBTOR TO SHOW WHY THIS CASE OUGHT NOT BE DISMISSED

David Brooks has filed a *Motion for Sanctions for Debtor's Failure to Obey Court Order to Produce Documents* (Dkt. No. 2).

I

Pursuant to Fed. R. Bankr. P. 2004(d), the court previously entered an order on April 20, 2020 (Dkt. No. 71) directing the debtor, Erin Michelle Rosebar, within 30 days to produce the documents listed in Exhibit 1 hereto. The *Motion for Sanctions* asserts that the documents have not been produced, and seeks an order:

    a. requiring Debtor to pay Creditor sanctions of $500; and
    b. requiring Debtor to deliver the documents specified on Exhibit 1 within five days; and

   c. extending the deadline for Creditor to conduct Debtor's 2004 Examination to two weeks after Creditor has confirmed that Debtor has paid any sanctions awarded and fully complied with the order to produce documents; and
   d. granting such other and further relief as is just and proper.

The debtor failed to file a timely opposition to the *Motion for Sanctions*. She filed an opposition out of time attaching a statement of the debtor appearing to contend that documents had already been produced in various proceedings commenced in the Superior Court of the District of Columbia. Even if I allowed that opposition to be filed out of time it fails to show any basis for denying sanctions. The time to defend against the motion to compel production of the documents was in early April 2020 after David Brooks filed his motion (Dkt. No. 44) on March 17, 2020, seeking the entry of the order to produce documents. Moreover, the Superior Court orders to produce documents (issued in cases commenced many years before the commencement of this bankruptcy case) could not include all of the documents that are the subject of this court's order to produce documents. Even if she had produced some of the documents incident to the Superior Court proceedings, and could belatedly raise that as a defense regarding *those* documents, she ought to have produced the remaining documents that she had *not* previously produced.

II

 The vehicle for enforcing a Rule 2004(d) order is to hold the debtor in civil contempt. The *Motion for Sanctions*

2

demonstrates that the debtor is in civil contempt based on clear and convincing facts not disputed by the debtor. The court's order to produce documents was clear and unambiguous, and it is clear that the debtor has not complied with the order. Both compensatory and coercive contempt sanctions are appropriate when there is civil contempt.

### A. Compensatory Contempt Sanctions

The *Motion for Sanctions* fails to show justification for imposing a sanction of $500 as a compensatory sanction. David Brooks is not an attorney and is representing himself. He has not recited any expenses or other compensable damages that he has incurred. However, he may file a statement of expenses, costs, and any other compensable damage he has incurred as a result of the debtor's contempt, with the debtor to have the opportunity to object to that statement.

### B. Coercive Contempt Sanctions

David Brooks is entitled to coercive contempt sanctions. I will direct the debtor to produce the required documents within 7 days of entry of this order, and for each day thereafter that she fails to produce the documents, a daily coercive civil contempt sanction of $200 per day will be imposed until she has purged herself of contempt, with a hearing to be held to determine whether the debtor has purged herself of civil contempt.

III

More fundamentally, the *Motion for Sanctions* raises an issue of whether this case should remain pending in Chapter 13.  The debtor is pursuing a proposed Chapter 13 plan, and Brooks has objected to confirmation of that plan.  The debtor's failure to produce documents, which are pertinent to Brooks' gathering information in support of his objection to confirmation, may warrant dismissal of the case on the following grounds .

The debtor's failure to abide by the order commanding her to produce documents is cause in and of itself for dismissing the case under 11 U.S.C. § 1307(c): by reason of 11 U.S.C. § 102(3), the examples of cause listed in § 1307(c)(1) through (11) are not exclusive.  In any event, the failure to produce documents has caused unreasonable delay and would be a basis for dismissal of the case under 11 U.S.C. § 1307(c)(1).  Moreover, failure to produce the documents is evidence that the plan has not been proposed in good faith and that the debtor did not file her petition in good faith, thus justifying denial of confirmation under 11 U.S.C. § 1325(a)(3) and (7) and denying any request to file an amended plan, thus justifying dismissal under § 1307(c)(5).  Finally, the failure to comply with the court's order, when the debtor is able to comply with the order, is a willful failure to comply with a court order warranting making the dismissal one with prejudice for 180 days under 11 U.S.C.

4

§ 109(g)(1). I note that if the debtor moved to dismiss, and obtained a dismissal as is her right under 11 U.S.C. § 1307(b), the dismissal would be with prejudice for 180 days under 11 U.S.C. § 109(g)(2) because a motion for relief from the automatic stay was filed in the case.

Accordingly, on the my own initiative, I will require the debtor to show cause why this case ought not be dismissed with prejudice for 180 days.

IV

In accordance with the foregoing, it is

ORDERED that the debtor is in civil contempt for failing to comply with the court's order to produce documents to David Brooks. It is further

ORDERED that upon establishing the amount of any compensable damages, David Brooks is entitled to compensatory contempt sanctions, and within 21 days after entry of this order he may file an affidavit (or declaration under penalty of perjury) establishing any expenses, costs, and any other compensable damage he has incurred by reason of the debtor's contempt, with notice to the debtor that she may oppose the affidavit of expenses within 14 days after filing of the same. It is further

ORDERED that by June 22, 2020, the debtor shall purge herself of contempt by delivering to David Brooks at 8302 Westmont Ter., Bethesda, MD 20817 any documents in the debtor's

possession, custody or control listed in Exhibit 1 attached to this order.  It is further

ORDERED that if the debtor does not comply with the foregoing paragraph by June 22, 2020, then for each day thereafter a daily coercive civil contempt fine of $200 will be imposed against the debtor until she has purged herself of contempt.  It is further

ORDERED that when David Brooks is satisfied that he should proceed with his right to examine the debtor under Fed. R. Bankr. P. 2004, David Brooks is authorized, after attempting to arrange with the debtor's counsel a mutually agreeable date and time, to give the debtor written notice (served on the debtor and her attorney) to appear for the Rule 2004 examination, which may be by telephone, on a date and at a time mutually agreeable or at least 10 days after the date of the notice, and the debtor shall appear for that examination.  It is further

ORDERED that the debtor shall appear on July 9, 2020, at 10:30 a.m. at a hearing (to be held as a telephonic or video hearing in light of the ongoing COVID-19 pandemic) for the court

- to address whether the debtor has purged herself of contempt;
- to fix any coercive contempt fines that have accrued;

- to consider enhanced coercive contempt sanctions, including possibly incarceration, if the debtor has failed to purge herself of contempt; and
- to address imposing any further compensatory contempt sanctions for any damage to Brooks arising from the contempt.

It is further

ORDERED that by July 6, 2020, the debtor shall file a writing showing cause, if any the debtor has, why this case ought not be dismissed with prejudice for 180 days.

[Signed and dated above.]

Copies to: Debtor; Creditor David Brooks; Recipients of e-notification of orders.

Exhibit 1
Documents to Be Produced by Erin Rosebar

1. For each year from January 1, 2016 to the present, records of all income received including but not limited to income from employment, self-employment, operation of a business and operation of a rental property. Include the name and address of each employer/customer/payor, the nature of the work or business, the amount of money received and the date and form of payment.

2. Records of all cash, checks, Paypal, Venmo or payments of any type from January 1, 2016 to the present that you received from any party.

3. Records of payments from January 1, 2016 to the present intended for you, which you instructed to be made to a third party.

4. Copies of all W-2 and 1099 forms that were issued to you or your business from January 1, 2016 to the present.

5. All statements, cancelled checks, deposit slips, transaction receipts or other documents relating to any bank, credit union, debit card, credit card, e-card, Paypal, Apple, Amazon, Venmo or financial account that you, your business, or your minor children have held in full or in part at any time from January 1, 2016 to the present, regardless of whether the account is currently open or closed.

6. Records of financial support that you received from your parents or any other party from January 1, 2016 to the present.

7. Records of payments made by any party on your behalf from January 1, 2016 to the present including payment by your parents of your expenses or the expenses of your children.

8. Records of all financial transactions or transfers of assets of $50 or more from January 1, 2016 to the present between you and your husband, parents, children, step children, siblings or any other relative.

9. Copies of all state or federal tax returns, which you filed or were filed on your behalf, from January 1, 2016 to the present.

10. Records of all government assistance that you have received from January 1, 2016 to the present.

11. Records of all inheritances you received from January 1, 2015 to the present.

12. Records of all payments of $50,000 or more that you received from January 1, 2010 to the present.

13. Records of every expenditure over $100 that you made from January 1, 2018 to the present.

14. All bills, invoices and statements that you received from July 1, 2019 to the present including but not limited to bills for gas, electric, cable, internet, cell phone, mortgages, attorneys, taxes, insurance and home repair.

15. Records of all travel tickets greater than $50 that you purchased or used from January 1, 2016 to the present.

16. Records of all money orders that you purchased from January 1, 2016 to the present.

17. Records sufficient to show the amount, means and source of all payments you made or were made on your behalf for legal services from January 1, 2016 to the present.

18. Records demonstrating how you computed your income on your bankruptcy schedules.

19. All documents including titles, registrations, sales agreements or ownership transfers relating to any vehicle that you bought, sold, owned in full or in part, or leased at any time from January 1, 2010 to the present.

20. Records of any parking or moving violation citations you received January 1, 2016 to the present.

21. A complete inventory of all items of your personal property the original value of which exceeded $100, which belong to you or are in your possession of any nature whatsoever, including but not limited to 1) household fixtures, 2) furnishings, 3) appliances, 4) jewelry, 5) recreational equipment, 6) tools, 7) sound or visual media, 8) all computers and computer-related equipment.

22. All insurance policies that you held at any time from January 1, 2016 to the present.

23. List of all email addresses that you have had or used at any time from January 1, 2016 to the present.

24. All loan or credit applications you submitted or were submitted on your behalf from January 1, 2016 to the present.

25. Copies of all driver licenses, ID cards, food stamp cards and TANF cards that have been issued to you from January 1, 2016 to the present.

26. Copies of any sealed court filings you made or were made on your behalf from January 1, 2016 to the present in any case. You may redact confidential information, as long as you provide an unredacted version to the Bankruptcy Court for in camera review to determine relevance to this case.

27. All sales and purchase agreements, loan documents, short sale applications or documents, loan modification applications or documents, settlement statements, HUD-1 forms, pay-off statements, contracts, listing agreements or other documents relating to real estate that you bought, sold or owned at any time from January 1, 2012 to the present.

28. Purchase agreement and any and all other documents relating to your sale of 1258 Meigs.

29. All contracts that you signed from January 1, 2016 to the present.

30. Records of all payments you made to judgment creditors from January 1, 2012 to the present.

31. Records of all tennis lessons you have taught from January 1, 2018 to the present. For each lesson state the date, location, name of student, price, name of payer, and form of payment.

32. Records of the names of each occupant of your real estate from January 1, 2010 to the present including the dates of occupancy and the rent paid if any.

33. Records of all advertisements, listings or other efforts you made to find tenants for your rental properties from January 1, 2016 to the present.

34. Records of all income received and expenses incurred from self-employment or the operation of a business or rental property from January 1, 2016 to the present.

35. All business letters, emails and text messages that you wrote or received from January 1, 2016 to the present.

36. All leases and rental agreements for your rental property from January 1, 2014 to the present.